IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01126-MJW-PAC

BRIAN HILDENBRANDT,

    Plaintiff,

v.

THE CITY OF COLORADO SPRINGS, a Colorado Municipal Corporation,

    Defendant.

---

### ORDER REGARDING
### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Docket No. 31)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this Court pursuant to the Order of Reference Pursuant to 28 U.S.C. § 636(c) filed on March 30, 2005, and the parties' unanimous consent to disposition of this action by a United States Magistrate Judge.

### I. BACKGROUND

In October 2003, the United States Department of Defense hosted an international conference of the defense ministers of a number of countries at the Broadmoor Hotel in Colorado Springs, Colorado. During the conference, a security zone was established around the Broadmoor Hotel that included the hotel itself, private residences close to the hotel, and public streets. Only authorized participants in the conference, support staff, hotel staff, area residents, and credentialed members of the press were allowed into the security zone. Plaintiff was not authorized to enter the security zone.

On October 8, 2003, Plaintiff and a friend, Curt Curtis, approached the security zone by vehicle and then on foot.  Plaintiff and Mr. Curtis were arrested by officers of the Colorado Springs Police Department and charged with trespass for allegedly entering the security zone on foot at the intersection of Second Street and Broadmoor Road.  Plaintiff denies that either he or Mr. Curtis crossed the barricades that marked the outer boundary of the security zone at the intersection of Second Street and Broadmoor Road.  Plaintiff alleges that he and Mr. Curtis were detained, interrogated, searched, transported to the city police station, and released.  The trespass charges against Plaintiff and Mr. Curtis eventually were dismissed by the prosecution.

## II. CLAIMS

Plaintiff asserts two claims for relief pursuant to 42 U.S.C. § 1983 in his amended complaint filed on November 23, 2004.  These claims are asserted against the City of Colorado Springs.  Plaintiff claims that the establishment of a security zone around the Broadmoor Hotel, as well as the surveillance, arrest, detention, interrogation, search, and transportation to the city police station, violated his rights under the First and Fourth Amendments, which are made applicable to Defendant under the Fourteenth Amendment.  He specifically refers to his rights to freedom of speech, assembly, expression, and petition under the First Amendment and his rights to be free from unreasonable search and seizure and illegal surveillance under the Fourth Amendment.  Although Plaintiff fails to distinguish between the two claims for relief he is asserting, his First Amendment claim apparently is based on the establishment of a security zone around the Broadmoor Hotel.  His Fourth Amendment claim apparently is based on his arrest and subsequent detention.

2

### III. PENDING MOTION

On April 15, 2005, Defendant filed a Motion and Brief for Summary Judgment. On May 5, 2005, Plaintiff filed his response to the motion for summary judgment. On May 20, 2005, Defendant filed a reply. The Court has considered carefully the motion for summary judgment, the response, the reply, applicable caselaw and the Federal Rules of Civil Procedure. The Court now being fully informed makes the following findings of fact, conclusions of law and order.

### IV. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial." Robertson v. Board of County Comm'rs of the County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)). "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . . Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory

3

assertions that factual disputes exist." Id. at 1146-47 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)).

## V. DISCUSSION

Defendant first argues in the motion for summary judgment that Plaintiff's claims should be dismissed because Plaintiff fails to demonstrate the existence of a municipal policy or custom to make wrongful trespass arrests or to establish temporary, limited access areas in order to violate the federal civil rights of citizens. In short, Defendant argues that Plaintiff fails to demonstrate that the alleged constitutional violations were caused by an official policy or custom of the City of Colorado Springs.

In order to hold Defendant liable, Plaintiff must show that a municipal policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. See City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989); Hinton v. City of Elwood, Kan., 997 F.2d 774, 782 (10th Cir. 1993). Defendant may not be held liable solely because an employee of Defendant inflicted injury on Plaintiff. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978); Hinton, 997 F.2d at 782. Furthermore, Plaintiff cannot show the existence of a municipal policy or custom by pointing to an isolated incident. See Monell, 436 U.S. at 694.

Plaintiff apparently agrees that a municipality cannot be liable pursuant to 42 U.S.C. § 1983 in the absence of a municipal policy or custom. However, Plaintiff argues that he is not required to demonstrate the existence of a municipal policy or custom prior to trial. Plaintiff is mistaken. Because a municipal policy or custom is an essential part of Plaintiff's claim against Defendant, see City of Canton, 489 U.S. at

385, summary judgment is appropriate unless Plaintiff demonstrates the existence of a municipal policy or custom or that there is a factual issue regarding the existence of a municipal policy or custom, see Robertson, 78 F. Supp.2d at 1147.

Plaintiff's Fourth Amendment claim lacks merit because he fails to demonstrate that he was arrested illegally pursuant to a municipal policy or custom. In fact, he specifically argues that the operative official policy did not authorize his arrest.

> [T]he usual policy and practice of the Defendant and its Police Department personnel is to request citizens to leave the allegedly illegal area and to disperse. Only upon the failure to do so is detention or arrest forthcoming. Obeying a command to leave does not result in arrest[.] Only when the police overreact and violate this policy do abusive circumstances result. Such abuses resulted from police overreaction on February 15, 2003[,] and again to Plaintiff on October 8, 2003. The policy is to warn, then disperse. But to detain without notifying the Plaintiff he was initially held for another purpose – to gather undercover and surveillance intelligence information – is unconscionable. To arrest thereafter presents at least a question of fact for the jury as to whether it was a reasonable or irrational response by the police to do so, and secondarily, the question remains whether Plaintiff ever acted illegally in the first place.

(Pl.'s Mot. and Br. in Opp'n to Def.'s Mot. for Summ. J. at 6-7 (citations omitted).) At another point in his response, Plaintiff again argues that a poor implementation of Defendant's policy or practice caused the unconstitutional arrest. (Id. at 9.)

These arguments undercut Plaintiff's claim that Defendant should be liable for his allegedly illegal arrest. If, as Plaintiff argues, individual police officers failed to comply with the official city and police department policy or failed to implement the official policy properly, Plaintiff cannot demonstrate that the injuries he allegedly suffered were caused by that official city and police department policy. As noted above,

Defendant may not be held liable solely because an employee of Defendant inflicted injury on Plaintiff.  See Monell, 436 U.S. at 694; Hinton, 997 F.2d at 782.

The fact that the parties dispute whether Plaintiff actually entered the security zone at the intersection of Second Street and Broadmoor Road is not relevant to the issue of whether Plaintiff's Fourth Amendment rights were violated as the result of an official city policy or custom.  Whether the individual police officers acted reasonably or rationally in arresting Plaintiff also is not relevant to the existence of a municipal policy or custom.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248.  Therefore, Plaintiff's Fourth Amendment claim will be dismissed.

With respect to his First Amendment claim, Plaintiff does allege that the security zone around the Broadmoor Hotel was established as part of an official city policy. Defendant's argument that the international conference in October 2003 was a unique event does not alter the fact that the security zone was established as part of an official city policy.  Therefore, Plaintiff's First Amendment claim will not be dismissed on this basis.

Defendant next argues in the motion for summary judgment that Plaintiff's Fourth Amendment claim should be dismissed because Plaintiff fails to demonstrate that any city employee acted wrongfully.  Defendant is correct that a municipality may not be held liable pursuant to 42 U.S.C. § 1983 if there is no constitutional violation by a municipal employee.  See Hinton, 997 F.2d at 782.  However, the Court need not address this argument because the Court already has determined that the Fourth Amendment claim should be dismissed for another reason.

Defendant's third argument in the motion for summary judgment is that Plaintiff's First Amendment claim should be dismissed because Plaintiff fails to state a cognizable First Amendment claim. Defendant argues that it is undisputed that Plaintiff did not go to the area of the Broadmoor Hotel to protest or demonstrate and that he never was prevented from engaging in any activity other than entering the security zone.

The problem with Defendant's third argument is that Plaintiff's First Amendment claim is based on the establishment of the security zone, not on the absence of any restrictions on his activities outside of the security zone. Defendant does not address the issue of whether the establishment of a security zone around the Broadmoor Hotel, and the exclusion of Plaintiff from the public streets within that security zone, violated Plaintiff's First Amendment rights. Therefore, the motion for summary judgment should be denied as to Plaintiff's First Amendment claim.

Defendant finally argues that Plaintiff's Fourth Amendment claim should be dismissed because Plaintiff has an adequate remedy available to him for the alleged false arrest under state law. Once again, the Court need not address this argument because the Court already has determined that the Fourth Amendment claim should be dismissed for another reason.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion and Brief for Summary Judgment (Docket No. 31) is GRANTED as to Plaintiff's Fourth Amendment claim and DENIED as to Plaintiff's First Amendment claim.

Dated: September 19TH, 2005
Denver, Colorado

Michael J. Watanabe
United States Magistrate Judge

7