IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 04-cv-01126-MJW-PAC**

BRIAN HILDENBRANDT,

    Plaintiff,

v.

THE CITY OF COLORADO SPRINGS, a Colorado Municipal Corporation,

    Defendant.

**ORDER REGARDING
DEFENDANT'S MOTION AND BRIEF FOR SUMMARY JUDGMENT (Docket No. 43)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to the Order of Reference Pursuant to 28 U.S.C. § 636(c) filed on March 30, 2005, and the parties' unanimous consent to disposition of this action by a United States Magistrate Judge.

**I.  BACKGROUND**

In October 2003, the United States Department of Defense hosted an international conference of the defense ministers of a number of countries at the Broadmoor Hotel in Colorado Springs, Colorado.  During the conference, a security zone was established around the Broadmoor Hotel that included the hotel itself, private residences close to the hotel, and public streets.  Only authorized participants in the conference, support staff, hotel staff, area residents, and credentialed members of the press were allowed into the security zone.  Plaintiff was not authorized to enter the

security zone.

On October 8, 2003, Plaintiff and a friend, Curt Curtis, approached the security zone by vehicle and then on foot. Plaintiff and Mr. Curtis were arrested by officers of the Colorado Springs Police Department and charged with trespass for allegedly entering the security zone on foot at the intersection of Second Street and Broadmoor Road. Plaintiff denies that either he or Mr. Curtis crossed the barricades that marked the outer boundary of the security zone at the intersection of Second Street and Broadmoor Road. Plaintiff alleges that he and Mr. Curtis were detained, interrogated, searched, transported to the city police station, and released. The trespass charges against Plaintiff and Mr. Curtis eventually were dismissed by the prosecution.

## II.  CLAIMS

Plaintiff asserts two claims for relief pursuant to 42 U.S.C. § 1983 in his Amended Complaint filed on November 23, 2004. These claims are asserted against the City of Colorado Springs. Plaintiff claims that the establishment of a security zone around the Broadmoor Hotel, as well as the surveillance, arrest, detention, interrogation, search, and transportation to the city police station, violated his rights under the First and Fourth Amendments, which are made applicable to Defendant under the Fourteenth Amendment. He specifically refers to his rights to freedom of speech, assembly, expression, and petition under the First Amendment and his rights to be free from unreasonable search and seizure and illegal surveillance under the Fourth Amendment. Although Plaintiff fails to distinguish between the two claims for relief he is asserting, his First Amendment claim apparently is based on the

establishment of a security zone around the Broadmoor Hotel. His Fourth Amendment claim apparently is based on his arrest and subsequent detention.

On September 19, 2005, the court granted summary judgment in favor of Defendant on Plaintiff's Fourth Amendment claim. Therefore, only Plaintiff's First Amendment claim based on the establishment of a security zone around the Broadmoor Hotel remains in this action.

### III.  PENDING MOTION

On October 18, 2005, Defendant filed a Motion and Brief for Summary Judgment. On November 2, 2005, Plaintiff filed his response to the second motion for summary judgment arguing in part that Defendant's second motion for summary judgment should be barred in whole or in part as untimely because the motion was filed after the April 15 deadline for dispositive motions. On November 14, 2005, Defendant filed a reply. Defendant's October 18 motion for summary judgment will not be denied as untimely because Defendant has established good cause for amending the Scheduling Order.

The court has considered carefully the October 18 motion for summary judgment, the response, the reply, applicable caselaw, and the Federal Rules of Civil Procedure. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### IV.  STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial."  Robertson v. Board of County Comm'rs of the County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)).  "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . .  Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist."  Id. at 1146-47 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)).

## V.  DISCUSSION

Defendant argues in the October 18 motion for summary judgment that Plaintiff's First Amendment claim is barred by the doctrine of issue preclusion.  Defendant contends that a ruling by Senior District Judge Richard P. Matsch in Citizens for Peace in Space v. City of Colorado Springs, No. 04-cv-00464-RPM (D. Colo. July 25, 2005), appeal filed, No. 05-1391 (10th Cir. Aug. 18, 2005) (hereafter referred to as "CPIS"),

5

bars Plaintiff's First Amendment claim in this action.

There are four elements that must be established in order to apply issue preclusion. Those four elements are:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Dodge v. Cotter Corp., 203 F.3d 1190, 1198 (10th Cir. 2000).

Defendant contends that the First Amendment issue raised by Plaintiff in this action is the same issue raised by the CPIS Plaintiffs. Plaintiff disagrees. The question of whether an issue is identical to an issue previously decided "is determined by the injury for which relief is demanded, and not the legal theory on which the person asserting the claim relies." Benson v. Town of Nunn, Colorado, 52 F. Supp.2d 1210, 1213 (D. Colo. 1999).

Plaintiffs in the CPIS case, like Plaintiff in the instant action, challenged the security zone that was established around the Broadmoor Hotel during the international conference in October 2003. The CPIS Plaintiffs claimed that the City of Colorado Springs violated their First Amendment rights by denying them limited entry into the security zone for the purpose of staging a political demonstration. Judge Matsch rejected the Plaintiff's First Amendment claim in the CPIS case based on his determination that the refusal by the City to allow demonstrators to enter the security zone was reasonable under the circumstances because the restriction was content

neutral, narrowly tailored to serve a significant governmental interest, and left open an adequate alternative channel for communication.

The court finds that the issue Plaintiff is raising in this action is not the same issue raised by the CPIS Plaintiffs. As Plaintiff notes, the CPIS Plaintiffs sought a limited exception to the security zone in order to stage a political demonstration inside the security zone. An important factor in Judge Matsch's decision was that the CPIS Plaintiffs had an adequate alternative channel for communication because they could demonstrate outside of the security zone. Plaintiff in this action never sought to demonstrate inside the security zone and, in fact, objects to the whole concept of a temporary security zone excluding him from public streets.

The court also finds that Plaintiff in this action is not in privity with the CPIS Plaintiffs and, therefore, did not have a full and fair opportunity to litigate the issue in the CPIS case. Defendant does not contend that Plaintiff was a party in the CPIS case. However, Defendant argues that Plaintiff was in privity with the CPIS Plaintiffs because he was virtually represented by the CPIS Plaintiffs. Defendant is correct that a person who was not a party to the prior litigation can be in privity "when the party in the litigation has adequately represented the interests of the non-party, or when there is a substantial identity of interests between a party and a non-party such that the non-party is 'virtually represented' in the litigation." Id. at 1214.

The court agrees with Plaintiff's argument that he was not in privity with the CPIS Plaintiffs. As shown above, the CPIS Plaintiffs' interest in seeking a limited exception to the security zone in order to stage a political demonstration differed from Plaintiff's

intentions in October 2003. As a result, Plaintiff's interests were not adequately represented by the Plaintiffs in the CPIS case.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion and Brief for Summary Judgment (Docket No. 43) is **DENIED**.

Dated: November 22, 2005         s/Michael J. Watanabe
      Denver, Colorado              Michael J. Watanabe
                                                           United States Magistrate Judge