IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 04-cv-01126-MJW-PAC**

BRIAN HILDENBRANDT,

Plaintiff(s),

v.

CITY OF COLORADO SPRINGS,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the Plaintiff's Motion for Leave for Attorney Voir Dire Pursuant to FRCP [sic] 47(a) (docket no. 64) is DENIED. Rule 47(a) of the Federal Rules of Civil Procedure authorizes the court, in its discretion, to allow voir dire by the parties. This court finds that individual voir dire by the parties is not warranted in this case.

It is FURTHER ORDERED that the parties shall submit to Magistrate Judge Watanabe their proposed written voir dire questions for the jury panel on or before January 5, 2006.

It is FURTHER ORDERED that the Plaintiff's In Limine Motion to Allow Jury to Visit Scene, or in the Alternative, to View Demonstrative Video Tape of Scene (docket no. 55) is GRANTED IN PART AND DENIED IN PART. The Motion is DENIED insofar as the portion of this motion requesting a jury visit of the scene. The Motion is GRANTED with clarification as to a demonstrative video tape of the scene. Any video tape of the scene shall be marked as an exhibit at trial and will be subject to admissibility under the Federal Rules of Evidence. If and when such video tape is offered into evidence at trial, this court will then decide the admissibility of such video tape under the Federal Rules of Evidence.

It is FURTHER ORDERED that the Plaintiff's Motion in Limine Regarding Guilty Plea Without Conviction of Brian Hildenbrandt (docket no. 54) is DENIED WITHOUT PREJUDICE. This court will entertain further evidentiary objections if and when such evidence concerning Plaintiff's guilty plea pursuant to a deferred judgment and sentence in El Paso County Court Case No. 03 M 4192 is offered into evidence at trial.

2

It is FURTHER ORDERED that the Defendant's Motion in Limine Regarding All Circumstances Related to the Arrest, Charging and Disposition of the Charge of Trespass Against Plaintiff (docket no. 61) is GRANTED. The Fourth Amendment claim was dismissed by this court on September 19, 2005. The only issue remaining in this case is whether the limited access area around the Broadmoor Hotel violated Plaintiff's First Amendment right of free speech. Accordingly, any evidence concerning the arrest of the Plaintiff is irrelevant to any material issue in this case under Fed. R. Evid. 401 and Fed. R. Evid. 402.

It is FURTHER ORDERED that the Defendant's Motion in Limine Concerning testimony regarding Detective Michael Yeater's death (docket no. 57) is GRANTED. The Fourth Amendment claim was dismissed by this court on September 19, 2005. The only issue remaining in this case is whether the limited access area around the Broadmoor Hotel violated Plaintiff's First Amendment right of free speech. Accordingly, any evidence concerning the death of Detective Michael Yeater is irrelevant to any material issue in this case under Fed. R. Evid. 401 and Fed. R. Evid. 402.

It is FURTHER ORDERED that  Defendant's Motion in Limine Concerning the circumstances surrounding the departure of Officer Charles Broshous from the Colorado Springs Police Department (docket no. 58) is GRANTED. The Fourth Amendment claim was dismissed by this court on September 19, 2005. The only issue remaining in this case is whether the limited access area around the Broadmoor Hotel violated Plaintiff's First Amendment right of free speech. Accordingly, any evidence concerning the departure of Officer Charles Broshous is irrelevant to any material issue in this case under Fed. R. Evid. 401 and Fed. R. Evid. 402.

It is FURTHER ORDERED that the parties shall be prepared to address all items as outlined in the Trial Procedures Order dated June 14, 2005 (docket no. 37), at the Trial Preparation Conference on January 6, 2006, at 10:00 a.m.

Date: December 16, 2005